UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL ASBESTOS WORKERS )
MEDICAL FUND and TRUSTEES OF THE NATIONAL )
ASBESTOS WORKERS PENSION FUND )
7130 COLUMBIA GATEWAY DRIVE, SUITE A )
COLUMBIA, MD  21046 )
 )
 )
                              Plaintiffs, )
 )
                       v. ) Civil Action No.:
 )
UNITED THERMAL INDUSTRIES, INC. )
901 W. Robinson Drive )
Marion, IL  62959 )
 )
Serve: Richard E. Robinson, Jr., Registered Agent )
       901 W. Robinson Drive )
       Marion, IL  62959 )
 )
                              Defendant. )

## COMPLAINT

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT,
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS
AND TO ENJOIN VIOLATIONS OF THE TERMS OF AN
EMPLOYEE BENEFIT PLAN)

### Jurisdiction

1.   This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

## Parties

2. Plaintiffs are the Trustees of the National Asbestos Workers Medical Fund and Trustees of the National Asbestos Workers Pension Fund (hereinafter "NAW Funds"), multiemployer employee benefit plans as that term is defined in Section 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37) (as amended). The Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NAW Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreement between Asbestos Workers Local Union No. 37 (hereinafter "the Union") and the Defendant. The NAW Funds are administered at 7130 Columbia Gateway Drive, Suite A, Columbia, MD 21046.

3. Defendant United Thermal Industries, Inc. is a corporation existing under the laws of the State of Illinois with offices located in Illinois. Defendant transacts business in the State of Illinois as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## COUNT I

4. Defendant entered into a Collective Bargaining Agreement with the Union establishing terms and conditions of employment for heat and frost insulators employed by the Defendant.

5. Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the Plaintiff Funds certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement.

6. Defendant employed certain employees covered by the Collective Bargaining Agreement during the period of December 2012 through the present.

7. Defendant has failed to submit reports and pay contributions owed to the Plaintiff NAW Funds for the months of March 2014 through May 2014. Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to the Plaintiff NAW Funds.

8. Defendant is bound to the Trust Agreements.

9. Pursuant to the Trust Agreements, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Plaintiff NAW Funds are authorized to project the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports actually submitted by the Employer for the last three (3) months for which payments or reports were submitted or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted.

10. Using report forms submitted for the last three (3) months for which hours were reported, the projected delinquency for the months of March through May 2014 is $29,163.22 calculated as follows:

| Month | Medical Reported | Pension Reported |
|---|---|---|
| Dec. 2013 | $5,383.30 | $5,911.72 |
| Jan. 2014 | $5,711.55 | $6,184.23 |
| Feb. 2014 | $2,850.73 | $3,121.69 |
| **Monthly Average:** | $4,648.53 | $5,072.55 |

11.   Defendant's contributions to the NAW Medical Fund owed on behalf of its heat and frost insulator employees for the months of March 2014 through May 2014 are late.

12.   The Trust Agreement establishing the Plaintiff NAW Medical Fund provides as follows:

> If an Employer fails to file reports or make contributions within ten (10) calendar days of the due date, there shall be added to and become a part of the amount due and unpaid: (1) liquidated damages for each monthly report or payment due to the Fund, in the amount of twenty percent (20%) of the amount due or 20 dollars, whichever is greater, plus interest at the rate of eight percent (8%) from the due date to the date of payment; or (2) interest at the rate of 1 1/2% per month; or (3) double interest as provided in the Act.

13.   Pursuant to this provision, Defendant is obligated to the Plaintiff NAW Medical Fund in the amount of $293.43 in interest on the late payments for the months of March 2014 through May 2014 assessed at the rate of 1 1/2% per month in accordance with the Trust Agreement and continuing to accrue on the unpaid contributions through the date of payment.

14.   The Trust Agreement establishing the Plaintiff NAW Pension Fund provides as follows:

> If an Employer fails to file reports or make contributions within ten (10) calendar days of the due date, there shall be added to and become a part of the amount due and unpaid: (1) liquidated damages for each monthly report or payment due to the Fund, in the amount of twenty percent (20%) of the amount due or 20 dollars, whichever is greater, plus interest at the rate of eight percent (8%) from the due date to the date of payment; or (2) double interest as provided in the Act.

15.   Pursuant to this provision, Defendant is obligated to the Plaintiff NAW Pension Fund in the amount of $3,043.53 in liquidated damages, plus $142.31 in interest assessed on the late payments for the months of March 2014 through May 2014 in accordance with the Trust Agreement and continuing to accrue on the unpaid contributions through the date of payment.

**WHEREFORE**, in Count I, Plaintiff NAW Funds pray for Judgment against the Defendant as follows:

A.  In the amount of $29,163.22 in contributions due for work performed in March 2014 through May 2014, plus costs and reasonable attorneys' fees pursuant to the Trust Agreements and 29 U.S.C. § 1132(g).

B.  In the amount of $3,043.53 in liquidated damages, plus $435.74 in interest assessed on the late payments for the months of March 2014 through May 2014 pursuant to the Trust Agreements and 29 U.S.C. § 1132(g).

C.  For all contributions, liquidated damages and interest which become due subsequent to the filing of this action through the date of Judgment pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g).

D.  For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

_____
Charles W. Gilligan, Esquire
Maryland Bar No.: 05682
Attorneys for Plaintiffs

245892_1.DOC

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this ____ day of July, 2014 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, DC  20224
Attention:  Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTENTION:  Assistant Solicitor for
    Plan Benefits Security

_____
Charles W. Gilligan

245892_1.DOC